Petroplus, Judge:
Claimant, Jack E. Hammack, the owner and occupant of a dwelling house situate in Bomont, Clay County, West Virginia, on land abutting on Route 1, a secondary road, claims damages in the amount of $957.00 for injuries sustained by his house as the result of a flow of water over his property after a heavy rainfall on March 12, 1968. A United States Weather Report shows a rainfall of 2.11 inches on that date for the area affected as compared with a total rainfall of 4.79 inches for the entire month of March.
*183 The case presented involves a factual issue, rather than any questions of law, namely, — was the omission of the State Road Commission to keep open and functional an 18 inch culvert or drain under the road for the free passage of surface water the proximate and direct cause of the property damage? The amount of the damage is not in dispute.
The dwelling is located near the foot of a hill about 6 feet below the level of a paved asphalt road, 14 feet in width, and faces the road with a front yard of approximately 35 feet between the foundation wall and the road. The front basement wall, alleged to have collapsed as the result of the water flow, is constructed of cinder blocks and is about 40 feet in length. The road which passes the house has a downgrade of 4 to 6 percent.
Directly across from the claimant’s dwelling is another hillside, partly cleared of vegetation, where a dirt driveway winds up the hill leading to a neighbor’s house on the hillside.
It is alleged that the State Road Commission negligently permitted the 18 inch drain located under the paved road about 180 feet up the hill from the house to become clogged or stopped up with debris, thereby causing surface water to flow over the top of the road and down the hill, and be cast over the berm, across the front yard and against the front basement wall facing the road with sufficient force to undermine the wall and cause a 20 foot portion thereof to cave in. The claimant awoke when he heard the wall collapse at 3:30 A.M. of that date, and upon inspecting his basement found it filled with mud and debris. The other three walls of the basement were not damaged. A part of the concrete walk in front of his home was also washed away, and a loamy soil seems to have washed away and into his excavated basement. It is claimant’s contention that if the drain of the State Road Commission had been open, it would have carried the surface water, or as much of it as it could handle, across the road and discharged it into a deep ditch on claimant’s property, and eventually to a nearby creek. Instead of being ditched, the overflow traveled down the road and claimant testified it made a right turn over the berm and was cast directly in front of his house.
*184 Photographs of the house and surrounding area, taken about a week later by a Safety Supervisor of the State Road Commission, reveal no mud, debris or loamy soil condition on the front lawn of the property, and further show two drainage ditches inside the basement, constructed to carry away water seeping through the walls in the basement. The drainage ditches were 4 inches by 12 inches and indicate a chronic water seepage problem in the excavated basement of the house. The evidence is not clear whether the house was provided with gutters and down spouts,
Paul Parsons, who owned the house on the hillside directly across from the claimant, privately installed a 7 inch pipe, 22 feet in length, to carry water away from his property into a ditch on the other side of the road. The testimony indicates this was also stopped up and covered by the dirt driveway leading to the Parsons home. On the claimant’s property was another 6 inch metal pipe which was covered up by a driveway leading to the garage in his basement. This was also stopped up but may not have contributed significantly to the flooding of the basement.
It appears that the State Road Commission neglected to keep its drain up the road from the house open and unobstructed. Claimant purchased his property in October, 1967, and had sufficient time to acquaint himself with the drainage problems of the area. The location of the house well below the road level, the partially denuded hillside across the road from his house, the clogged drain of the State Road Commission which he admits inspecting before the damage occurred, the open ditch on his land connecting to the drain of the State, the seepage problem of his basement, all indicated the servitude to which his land was subjected by natural drainage of surface waters. Yet he made no effort to notify the State Road Commission maintenance crew of the stopped up drain, nor did he take any precautions to protect his property from drainage coming down the hillside directly opposite his property where a small and inadequate drain had been installed by the private property owner. The real issue before the Court, in our opinion, is not the contributory negligence of the claimant in failing to take precautions to protect his property, but the issue of proximate cause. Was the negligence of the State Road Commission a *185 circumstance or the direct proximate cause of the damage claimed in this case? In order to charge the Respondent with liability for injury to his property by flooding, claimant must show that such flooding was the direct and proximate result of the wrongful or negligent act complained of. It has not been shown in this case with any degree of certainty that the water overflowing from a stopped up drain 180 feet away from the property went down the road and then across the road, over the claimant’s front yard, and was cast with force against his front basement wall, causing it to buckle and cave in. It is more reasonable to assume that surface water from the hill opposite his property and surrounding area had no course to follow except to cross the road and pour into his basement, already weakened by a prior seepage condition of long standing. We are of the opinion, after a careful consideration of all the evidence, photographs, exhibits, and relative location of the house with reference to stopped up drains, that claimant’s damage is due to the natural drainage of the area and other intervening and superseding causes and is not directly attributable to the neglect of the State Road Commission in keeping its culvert open. Therefore, we are of the opinion to, and do not make any award to the claimant herein.
Claim disallowed.